**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASON ADRIAN BEZIS,

    Plaintiff-Appellant,

 v.

CITY OF LIVERMORE; et al.,

    Defendants-Appellees.

No. 19-17386

D.C. No. 3:19-cv-01061-RS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Submitted March 18, 2021[**]
San Francisco, California

Before:  MURGUIA and CHRISTEN, Circuit Judges, and LYNN,[***] District
Judge.

Appellant Jason Adrian Bezis ("Bezis") brought suit under 42 U.S.C. § 1983

against the City of Livermore, John Marchand, individually and in his capacity as

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Barbara M. G. Lynn, Chief United States District
Judge for the Northern District of Texas, sitting by designation.

the Mayor of Livermore, Steven Spedowfski and Robert Carling, individually and in their official capacities as members of the Livermore City Council ("City Council"), and Jason Alcala, individually and in his official capacity as Livermore City Attorney (collectively called "the City"). Bezis contended that the City violated his First Amendment rights and his right to due process and equal protection at a City Council meeting on February 27, 2017, when City Council members, the Mayor, and the City Attorney interrupted him with multiple procedural points of order when Bezis strayed from the agenda topic.

The City moved to dismiss Bezis's First Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), which was granted by the district court, with leave to amend. After Bezis filed his Second Amended Complaint, the City again moved to dismiss, and the motion was granted without leave to amend. Bezis appealed to this Court. We affirm the district court's grant of the City's motion to dismiss.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6), accepting as true all allegations of fact in a well-pleaded complaint and construing those facts in the light most favorable to the plaintiff. *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003). A district court's refusal to exercise supplemental jurisdiction over state law claims after all federal claims were dismissed is reviewed for abuse of

discretion. *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1107 (9th Cir. 2010) (citation omitted). A district court's decision on qualified immunity is reviewed de novo. *Vazquez v. Cnty. of Kern*, 949 F.3d 1153, 1159 (9th Cir. 2020).

The district court did not err in dismissing Bezis's Second Amended Complaint. City Council meetings are limited public forums in which it is appropriate to place reasonable restrictions on the time, place, and manner of speech, in addition to restrictions on speech content, so long as those regulations are viewpoint neutral and enforced in a neutral manner. *Norse v. City of Santa Cruz*, 629 F.3d 966, 975 (9th Cir. 2010) (en banc). The district court properly held that because Bezis's comments were off the topic of the agenda, the City Council was entitled to restrict him to the agenda item, without improperly infringing on his First Amendment rights, and that Bezis's Second Amended Complaint failed to allege any new facts that would impact that holding. Therefore, the district court rightly concluded that Bezis failed to state a First Amendment claim upon which relief could be granted.[1] Further, the district court properly concluded that because Bezis's remaining constitutional claims relied on the same facts alleged to support his First Amendment claim for relief, those claims necessarily failed as well.

---

[1] The district court also properly dismissed Bezis's facial First Amendment challenge. The facial challenge was dismissed as moot because the City represented that the challenged procedural rule had been amended twice since the City Council meeting at issue, and Bezis offered no response in opposition, thus, as the district court found, "effectively conceding the point."

The district court did not abuse its discretion by dismissing Bezis's supplemental state law claims. Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state law] claim" when "all claims over which it has original jurisdiction" have been dismissed. The district court's dismissal of Bezis's state law claims, after all of Bezis's federal claims were dismissed, was a proper exercise of the district court's discretion.

Finally, the district court did not err in finding that Bezis had alleged no facts to overcome the individual Appellees' qualified immunity. To determine whether qualified immunity applies, we ask whether (1) the plaintiff has plausibly alleged a violation of a constitutional right, and (2) the constitutional right was "clearly established" at the time of the conduct at issue. *Wilk v. Neven*, 956 F.3d 1143, 1148 (9th Cir. 2020) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). The district court properly found that Bezis had not plausibly alleged a violation of a constitutional right, and thus had not alleged sufficient facts to overcome the individual Appellees' qualified immunity.

**AFFIRMED**.

19-17386